UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL LEE WALKER, | |
| Petitioner, | |
| v. | Civil No. 24-cv-174-JPG |
| UNITED STATES OF AMERICA, | Criminal No. 20-cr-40057-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Randall Lee Walker's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, (Doc. 1), and several other motions. (Docs. 6, 7, 9, 10, 13–15). Finding that Walker's § 2255 is time-barred and that he has failed to establish sufficient grounds for equitable tolling, the Court hereby **DISMISSES** Walker's § 2255 petition and **FINDS AS MOOT** all pending motions.

**I.    Background**

On December 4, 2018, Walker was indicted on two counts, respectively: distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 30, 2020, the Court sentenced him to serve 230 months on Count 1 and 120 months on Count 2 to run concurrently with the sentence imposed in this case.[1] Walker did not appeal.

In his § 2255 motion, Walker raises a variety of claims including ineffective assistance of counsel in violation of the Sixth Amendment and judicial bias in violation of his Fifth Amendment due process rights. Walker signed his petition and placed it into the prison mail

---

[1] At the same sentencing hearing, the Court sentenced Walker in a separate case, Case No. 20-cr-40057-JPG, for 60 months, to run concurrently with the sentence imposed in this case.

system on January 8, 2024, and the Court received and docketed it on January 23, 2024. Walker has filed a number of motions all seeking, in one form or another, to challenge his sentence. (Doc. 6, 7, 9, 10, 13–15).

Previously, the Court found that Walker's petition appeared to be untimely; consequently, the Court ordered Walker show cause as to why his § 2255 petition should not be dismissed as such. (Doc. 5). On March 14, 2024, Walker responded. (Doc. 8). In his response, Walker claimed that he was quarantined in the secure housing unit (SHU) for two years. While in the SHU, he alleges that he did not have access to documents or the law library. Additionally, he alleged that his mail had been intercepted by jail personnel and was disposed of without his notice. Notably, despite these purported restrictions, on June 17, 2022, Walker filed his first § 2255 petition. (22-cv-986-JPG). Ten days later—on June 29, 2022—he was released from quarantine.

On August 29, 2022, approximately two months after filing his petition, Walker was granted leave to withdraw that first § 2255 petition. Walker moved for an extension of the one-year deadline, but, because the Court could not pre-excuse the timeliness of his petition prior to filing, the Court denied his motion. Walker waited until January 8, 2024, to file his second § 2255 petition. (Doc. 1). He once again requests an extension of time, (Doc. 6), as well as recruitment of counsel. (Docs. 9, 15). Walker also moved to amend his § 2255 petition to include additional grounds for reduction. (Doc. 14).

**II.     Timeliness**

28 U.S.C. § 2255(f) sets forth the filing window for a § 2255 petition:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), when a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011). The Federal Rules allowed Walker 14 days from his sentencing on July 30, 2020, to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i). Walker failed to file a notice of appeal within the 14-day appellate period; accordingly, Walker's conviction became final on August 13, 2020. Therefore, under § 2255(f)(1), he had one year from that date—until August 13, 2021—to file his petition. Walker waited until January 8, 2024, to file his petition—more than two years after that deadline.

Walker has advanced various arguments and theories as to why his petition should be considered timely, he has also moved for an extension of time to file.

Walker's arguments are unconvincing.

3

First, Walker invokes, by implication, § 2255(f)(2). He argues that he was in the SHU for two years and, during that time, was not allowed access to legal papers or the law library. Yet, curiously, Walker possessed enough knowledge to file his first § 2255 petition a full ten days before he was released from the SHU. Thus, it is doubtful that the SHU was as restrictive as Walker claims. Additionally, Walker was released from the SHU on June 29, 2022, and he was granted leave to withdraw his first § 2255 in August of 2022. Thus, even were the Court to assume that Walker's confinement in the SHU tolled the filing window, or that the filing window began at the time he was given leave to withdraw his first § 2255, the latest Walker could have filed that petition was one year after his release, in August of 2023; Walker waited until January of 2024 to file. Therefore, even if the Court found § 2255(f)(2) was applicable here, his second § 2255 petition came more than a year after he was removed from the SHU and, accordingly, would still be considered untimely.

Second, Walker filed a motion to amend his § 2255 and invokes by implication § 2255(f)(3). Walker seeks to add an argument to his petition based on the Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 1 (2022). Walker seeks to argue that *Bruen* recognized a new right, that was made retroactive. Setting aside whether *Bruen* recognized such a right, even if it did, Walker's petition would still be untimely. *Bruen* was decided on June 23, 2022. Even if the Court presumed Walker was unable to access the case while in the SHU, by August of 2022, Walker was not only out of the SHU, he would also have had access to *Bruen*. Thus, whether the Court tolled the filing window until *Bruen* was decided or alternatively, tolled the filing window until Walker had access to *Bruen*; Walker's § 2255 petition came nearly six months too late.

Regardless of which subsection of § 2255(f) is applicable to Walker, his § 2255 petition is untimely. However, § 2255's "statute of limitations defense is not jurisdictional." *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (internal quotations omitted). Thus, the Court can excuse untimely § 2255 petitions through the doctrine of equitable tolling. To qualify for equitable tolling however, Walker must satisfy a high threshold; he must show that he diligently pursued his rights and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *Boulb v. United States*, 818 F.3d at 339–340. "Equitable tolling is *rare* and reserved to *extraordinary* circumstances *far* beyond the [petitioner's] control that prevented timely filing." *Boulb* at 340 (internal quotations omitted) (emphasis added). What little explanation Walker provides for his late filing is insufficient to meet that high threshold.

Walker levies a slew of outlandish allegations of cloak-and-dagger conspiracies and backroom deals; however, extraordinary claims require extraordinary evidence and Walker has failed to present *any* evidence to substantiate these preposterous claims. Therefore, they cannot serve as grounds for equitable tolling.

In the realm of the plausible, Walker claims that his mail was intercepted for an unspecific time period and disposed of without his knowledge. If that were true, Walker may be able to establish equitable tolling. Yet, even when Walker was in the SHU, he was still able to send and receive filings; that alone makes his claim subject to scrutiny. Walker fails to present an iota of evidence to substantiate his claim, but, even if the Court presumed *arguendo* that his claim was accurate, because Walker was able to file multiple motions with the Court in that same

5

time period—including while he was in the SHU—Walker was obviously capable of filing a timely § 2255 petition. In fact, Walker *did* file a § 2255 petition in that same time period. Therefore, regardless of whether his claims are true, Walker was not prevented from filing a timely petition.

Walker also asks that the untimeliness of his petition should be excused because he was ignorant of the law. Given one of the reasons he requested to withdraw his first initial petition was that he did not wish to incur the successive § 2255 filing restriction, the Court is disinclined to believe that. But, even were Walker was ignorant of the law, a bedrock principle of American jurisprudence is *ignorantia juris non excusat*; ignorance of the law is not an excuse; and it certainly is not an extraordinary circumstance.

Ultimately, Walker carries the burden of establishing that he qualifies for equitable tolling—he has failed to meet that burden. Therefore, the Court sees no reason to excuse the untimely nature of his petition.

### III.   Conclusion

As Walker's § 2255 petition was filed long after the deadline to file expired—regardless of when the filing window began under § 2255(f)—the Court finds that Walker's § 2255 petition is untimely. Additionally, the Court finds that Walker has failed to establish sufficient grounds for equitable tolling. Accordingly, the Court hereby **DISMISSES** Walker's § 2255 petition. (Doc. 1). Consequently, the Court **FINDS AS MOOT** all other pending motions in this case. Furthermore, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   October 24, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**